## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**JPMORGAN CHASE BANK, N.A.,**

        **Plaintiff,**

    **v.**                                **Civil Action 2:25-cv-260**
                                                    **Judge Edmund A. Sargus, Jr.**
                                                    **Magistrate Judge Chelsey M. Vascura**

**DYNAMIC ENERGY SOLUTIONS, LLC,**

        **Defendant.**

### ORDER

This matter is before the Court on Defendant Dynamic Energy Solution's Motion to File Document Under Seal (ECF No. 17) and Amended Motion for Leave to File 7.1(a)(2) Diversity Disclosure Statement Under Seal and Motion for Extension of Time (ECF No. 18). Dynamic seeks an extension of time to file its diversity disclosure statement identifying each partner of Pattern Energy Group, L.P., as ordered by the Court on June 5, 2025 (ECF No. 16). Dynamic also seeks to file the diversity disclosure statement under seal because "Pattern Energy Group, L.P. is a privately held company, is not a litigant in this proceeding, and the identity of certain of its general and limited partners is non-public and is treated by Pattern Energy Group, L.P. as confidential." (ECF No. 18.) For the reasons that follow, Defendant's Motion (ECF No. 18) is **GRANTED IN PART** and **DENIED IN PART**. Defendant's original Motion (ECF No. 17) is **DENIED** as **MOOT**.

There is a strong presumption in favor of public access to judicial records. *Stanley v.*

*Turner Oil & Gas Properties, Inc.*, No. 2:16-CV-386, 2017 WL 5068444, at *1 (S.D. Ohio July 24, 2017). The Sixth Circuit has directed that documents filed with the Court may be placed under seal "[o]nly for the most compelling reasons." *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *In re Knoxville News– Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983)). "A movant's obligation to provide compelling reasons justifying the seal exists even if the parties themselves agree the filings should be sealed." *White v. Wilberforce Univ.*, No. 1:16-CV-1165, 2017 WL 3537233, at *2 (S.D. Ohio Aug. 17, 2017) (emphasis in original) (citing *Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 595 (6th Cir. 2016)). The proponent of sealing therefore must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Shane Grp., Inc.*, 825 F.3d at 305 (quoting *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 548 (7th Cir. 2002)). These reasons and legal citations must be sufficient for a district court to "set forth specific findings and conclusions which justify nondisclosure to the public." *Rudd Equip. Co., Inc.*, 834 F.3d at 594.

Here, Defendant's Motion fails to meet the high standard set forth by the Sixth Circuit, asserting only that the information in the diversity disclosure statement is considered by Pattern Energy Group to be "confidential." Dynamic has not explained what specific harm may be sustained from the disclosure of this document on the public record. *See Shane Grp.*, 825 F.3d at 307 ("the proponents of closure bear the burden of showing that disclosure will work a clearly defined and serious injury") (cleaned up).

For the foregoing reasons, Defendant's Motion for an extension of time (ECF No. 18) is **GRANTED IN PART** as to the request for an extension. Dynamic has until **June 17, 2025**, to comply with the Court's Order to disclose Pattern Energy Group, L.P.'s partners.

Defendant's Motion to File 7.1(a)(2) Diversity Disclosure Statement Under Seal (ECF No. 18) is **DENIED IN PART** but **WITHOUT PREJUDICE** to Defendant filing a properly supported motion. Defendant must file any motion to file the disclosure statement in question under seal **WITHIN SEVEN DAYS** of the date of this Order. Defendant is cautioned that any forthcoming motion must meet the standards set forth by the Sixth Circuit and should be narrowly tailored, as the sealing of documents must be no broader than necessary. *See Shane Group, Inc.*, 825 F.3d at 305. Defendant's original Motion to File Document Under Seal (ECF No. 17) is **DENIED** as **MOOT**.

      **IT IS SO ORDERED.**

                                      */s/ Chelsey M. Vascura*
                                        CHELSEY M. VASCURA
                                        UNITED STATES MAGISTRATE JUDGE