UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**JPMORGAN CHASE BANK, N.A.,**

    **Plaintiff,**

  v.                                      Civil Action 2:25-cv-260
                                        Judge Edmund A. Sargus, Jr.
                                        Magistrate Judge Chelsey M. Vascura

**DYNAMIC ENERGY SOLUTIONS, LLC,**

    **Defendant.**

## ORDER

To ensure there is complete diversity of parties when a federal court's jurisdiction is based on diversity of citizenship under 28 U.S.C. § 1332(a), parties are required to file a citizenship disclosure statement with their first appearance that "name[s]—and identif[ies] the citizenship of—every individual or entity whose citizenship is attributed" to them. Fed. R. Civ. P. 7.1(a)(2). This matter is before the Court on Defendant Dynamic Energy Solutions, LLC's Motion for Leave to File its Rule 7.1(a)(2) Diversity Disclosure Statement Under Seal and Extension of Time to File Disclosure until the Court Rules on This Motion (ECF No. 22). For the reasons below, Dynamic's motion (ECF No. 22) is **DENIED IN PART** as to its request to file its disclosure under seal and **GRANTED IN PART** as to its request for an extension of time to file its disclosure.

Defendant Dynamic Energy Solutions, LLC ("Dynamic") did not file a citizenship disclosure statement with its first appearance—its Answer to the Complaint (ECF No. 9). The Court then ordered Dynamic to file a citizenship disclosure statement in compliance with Rule

7.1(a)(2), explaining that "'[LLCs] have the citizenship of each of their members.' *Delay v. Rosenthal Collins Grp.*, LLC, 585 F.3d 1003, 1005 (6th Cir. 2009). In practice, this means that an LLC's members must be identified to determine whether they are natural persons, corporations, LLCs, or partnerships, so that the appropriate test can be applied to determine the members' citizenship." (ECF No. 12 at 3.)[1] Dynamic responded to that Order with a disclosure statement that did not comply with Rule 7.1(a)(2) because although it identified its sole member as Pattern Energy Group, L.P. ("Pattern"), Dynamic did not identify Pattern's general and limited partners. (ECF No. 13.) The Court issued an order noting that "limited partnerships have the citizenship of each of their partners (both general and limited). *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 n.1 (2005) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 192–97 (1990))." (ECF No. 14.) The Court therefore again ordered Dynamic to file an amended disclosure which "identif[ies] all partners of Pattern Energy Group, L.P. and their citizenship." (*Id.*) It is this amended disclosure statement that Dynamic seeks to file under seal.

The Court must assure itself that it has subject matter jurisdiction over every case before it. Here, jurisdiction depends on diversity of citizenship; thus, Dynamic's citizenship disclosure is "a document that will play a part in the decision-making process of the Court" and is a "judicial record to which the common law right of access attaches." *Smith v. Westminster Mgmt., LLC*, No. JKB-17-3282, 2018 WL 572867, at *6 (D. Md. Jan. 26, 2018). There is a "strong presumption in favor of openness" to court records. *Shane Grp., Inc. v. Blue Cross Blue Shield of*

---

[1] "[B]ecause a member of a limited liability company may itself have multiple members—and thus may itself have multiple citizenships—the federal court needs to know the citizenship of each "sub-member" as well." *Delay*, 585 F.2d at 1005. The citizenship of unincorporated associations, such as LLC's, "'must be traced through however many layers of partners or members there may be.'" *Kam Dev., LLC v. Marco's Franchising, LLC*, Case No. 3:20-cv-2024, 2023 WL 4460669, at *2 (N.D Ohio June 1, 2023) (quoting *Meyerson v. Harrah's E. Chicago Casino,* 299 F.3d 616, 617 (7th Cir. 2002)).

*Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (citing *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 2016)). The Sixth Circuit has directed that judicial records may be placed under seal for "[o]nly the most compelling reasons." *Id.* (quoting *In re Knoxville News–Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983)). The proponent of sealing therefore must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Id*. (quoting *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 548 (7th Cir. 2002)). These reasons and legal citations must be sufficient for a district court to "set forth specific findings and conclusions which justify nondisclosure to the public." *Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 594 (6th Cir. 2016).

Dynamic has not made this showing. Dynamic first argues that the public interest in the identity of Pattern's partners does not outweigh the privacy interests of Dynamic and Pattern's partners (whom Dynamic describes as "third-party non-litigants"). (Mot. 5–6, ECF No. 22.) But an interest in an LLC member's privacy "is generally not sufficient to support a motion to seal." *Aristide Energy Corp. v. Northstar Recycling Co., LLC*, No. 2:23-CV-866, 2023 WL 4842742, at *2 (S.D. Ohio May 2, 2023). The *Aristide* opinion cites several cases within and outside the Sixth Circuit in support. *Id.*, citing *S. Fin. Grp., LLC v. Stoess*, No. 3:18-CV-220-DJH, 2018 WL 10758704 (W.D. Ky. June 22, 2018) (denying LLC's motion to file its members' and submembers' identities under seal based on privacy interests); *Smith v. Westminster Mgmt., LLC*, 2018 WL 572867, at *6 (denying motion to seal to shield LLC members' identities explaining "members themselves may wish to keep their identities private, but such desires are not sufficient to overcome the presumption of access"); *3776 Lake Shore, LLC v. Lamb's Yacht Ctr., Inc.,* No. 3:14-CV-632-J-34PDB, 2014 WL 12621574, at *2 (M.D. Fla. Aug. 25, 2014) (denying motion to file LLC members' identities under seal based on unsupported assertions of harm to

3

members' privacy and financial interests); *Signicast, LLC v. Fireman's Fund Ins. Co.*, 920 F. Supp. 2d 967, 970 (E.D. Wis. 2013) (denying motion to seal documents identifying ownership structure of an LLC, stating that a "prefer[ence] to not have their identities disclosed . . . [i]s not a valid reason for removing documents that underpin a judicial decision from the public record") (citation omitted); *Edgewood Manor Apt. Homes LLC v. RSUI Indem. Co.*, No. 08-C-0920, 2010 WL 2430996, at *5, (E.D. Wis. June 14, 2010) (denying motion to seal identities of an LLC's members where they pointed to "no specific person or financial harms they may suffer"). Dynamic does not identify any specific or concrete harm that its members will face through disclosure here, stating only that "public disclosure of these entities would only serve to draw unnecessary and unwarranted attention to entities not involved in the dispute." (Mot. 6, ECF No. 22.) Such generalized interests are not "compelling reasons," *Shane Group*, 825 F.3d at 305, sufficient to overcome the strong presumption in favor of public access to judicial records. Indeed, courts across the country generally disfavor sealing Rule 7.1(a)(2) disclosures in the absence of a particularized demonstration of a substantial privacy interest. *See, e.g., Carr v. IF&P Holding Co., LLC*, No. CV 22-480, 2024 WL 1675185, at *6 (E.D. La. Apr. 18, 2024); *Mayer v. Patriot Pickle Inc.*, No. 23-CV-1299-LJV, 2024 WL 162881, at *5 (W.D.N.Y. Jan. 16, 2024); *Mann v. Trails Carolina, LLC*, No. 1:23-CV-00020-MR-WCM, 2023 WL 5109564, at *3 (W.D.N.C. Aug. 9, 2023); *Driver Opportunity Partners I, LP v. Ameriserv Fin., Inc.*, No. 3:22-CV-00237-SLH, 2023 WL 4711158, at *3 (W.D. Pa. July 24, 2023).

Moreover, it is not accurate to characterize Pattern's partners as "entities not involved in the dispute." *See Aristide Energy Corp.*, 2023 WL 4842742, at *2 (quoting *Westminster Mgmt.*, 2018 WL 572876, at *6 (explaining that "members of an LLC are not unsuspecting bystanders . . . when the LLC is hauled into court" but "comprise the parties in the case.")); *but see Ray v.*

4

*Mereen-Johnson, LLC*, No. 3:18-CV-105-RGJ-CHL, 2018 WL 11447350, at *2 (W.D. Ky. Nov. 26, 2018) (suggesting that "the [LLC] members themselves are not parties to this lawsuit"). Further, regardless of whether Pattern's partners are actual parties to the case, they have no expectation of anonymity in the event of litigation, because Rule 7.1(a)(2) specifically *requires* LLC parties in diversity case to identify their members and sub-members. *See* Fed. R. Civ. P. 7.1(a)(2); *cf. Shane Group*, 825 F.3d at 308 (explaining that there was "no statutory or regulatory privilege" protecting the identity of third-party hospitals from disclosure). The citizenship disclosure will impact the Court's determination of whether it has subject-matter jurisdiction such that the "strong presumption of public disclosure" is strengthened. And the fact that the Court can determine whether diversity exists without publicly disclosing Pattern's partners is not, by itself, a compelling reason to avoid disclosure. That same argument could be made when a court is ruling on any issue based upon information that a party wishes to be kept from the public eye. *See Den 8888, LLC v. Navajo Express, Inc.*, Civil Action No. 21-cv-00321-STV, 2021 WL 463623, at *2 (D. Colo. Feb. 9, 2021) (rejecting argument that the court could determine diversity between the parties without disclosing the identifies of an LLC's members, explaining "the public interest in understanding the basis for the court's jurisdiction—in this case, the identity and citizenship of the members—outweighs the plaintiff's interest in keeping that information confidential").

      Finally, Dynamic argues that the identity of Pattern's partners comprises corporate structures and trade secrets which should remain sealed. (Mot. 6–7, ECF No. 22.) Dynamic represents that "[t]he ownership of the Pattern Energy Group forms a complex web of over fifteen entities spanning five states and five countries" and that disclosing this information "would allow competitors of each implicated organization an unwarranted glimpse into each

5

entity's holdings and corporate structure. This poses a high risk that each entities ability to economically compete would be hindered." (*Id.* at 7–8.) But these representations are wholly conclusory. Dynamic fails to articulate how and why its corporate structure is proprietary or how its disclosure would lessen Dynamic or Pattern's ability to compete. *See Shane Grp.*, 825 F.3d at 307 ("the proponents of closure bear the burden of showing that disclosure will work a clearly defined and serious injury") (cleaned up); *Clark Floyd Landfill, LLC v. Cnty. of Clark, Indiana*, No. 418CV00004RLYDML, 2018 WL 11456640, at *1 (S.D. Ind. Dec. 18, 2018) (declining to seal information related to corporate ownership structures when the parties in question had not "demonstrated a statutory basis for sealing, the existence of a recognized privilege, or the existence of harm that would result from disclosure and why any such harm should overcome the presumption that information used in a judicial proceeding requires its public availability.")

In sum, Dynamic has not demonstrated that its citizenship disclosure warrants sealing. Accordingly, that portion of Dynamic's Motion (ECF No. 22) is **DENIED**. Dynamic is **ORDERED** to file the required disclosure statement which identifies Pattern's general and limited partners, and "traces through however many layers of partners or members there may be" to determine Dynamic's citizenship based on the standards set forth in the Court's May 20, 2025 Order (ECF No. 12), **WITHIN SEVEN DAYS** of the date of this Order.

    **IT IS SO ORDERED.**

    /s/ *Chelsey M. Vascura*
    CHELSEY M. VASCURA
    UNITED STATES MAGISTRATE JUDGE